UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| In re: | Chapter 7 |
| JESSICA HAYDEN, | Case No. 4:15-bk-12619-BMW |
| Debtor. | **RULING AND ORDER REGARDING PAYMENT OF CHAPTER 13 ATTORNEY'S FEES** |

This matter is before the Court pursuant to the *Trustee's Application for Expenses and Fees, Distribution of Funds for Costs and Adequate Protection Payments in a Converted Pre-Confirmed Case* filed by Dianne Kerns, the Chapter 13 Trustee (the "Trustee's Application"), *Debtor's Counsel's Objection to Trustee's Application* (the "Objection") filed by Dean O'Connor (the "Debtor's Counsel"), and the *Application for Allowance of Compensation and Reimbursement of Expenses of Dean W. O'Connor P.L.L.C.* (the "Fee Application"). The Trustee's position is supported by the *Trustee's Brief on Payment of Attorney's Fees (and Other Administrative Expenses In a Case Converted Prior to Confirmation* (the "Trustee's Brief").

The matter has been under advisement and the Court now issues its ruling.

I. **Jurisdiction**

This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 157(a) and 1334(b), and it is a core proceeding under 28 U.S.C. § 157(b).

## II. Findings of Fact

The facts in this matter are undisputed. This case was commenced by the Debtor's filing of a voluntary petition seeking relief under Chapter 13 of the Bankruptcy Code on October 1, 2015. Debtor filed a Chapter 13 Plan (the "Plan") and made some plan payments to the Trustee as contemplated by 11 U.S.C. § 1326(a)(1).[1]

The Plan provides that Debtor's Counsel had agreed to a $4,500 flat fee for representing the Debtor through confirmation of a plan. The Plan also contains a provision for hourly fees, which creates some confusion, but is not relevant to the Court's determination, given the amounts at issue. An amended Plan was subsequently filed, but the fee provisions did not change. The flat fee is presumptively reasonable pursuant to the Local Rules of Bankruptcy Procedure for the District of Arizona, as revised and effective December 1, 2017.

On August 1, 2016, Debtor's Counsel filed a Notice of Submitting Proposed Stipulated Order of Confirmation. Although represented by counsel, on August 3, 2016, Debtor filed a Motion to Convert her case to one under Chapter 7. The case was converted. A plan was not confirmed prior to conversion of the Chapter 13 case to Chapter 7.

Debtor's Counsel filed his Fee Application, seeking allowance and payment of fees in the amount of $4,650. The Application was brought pursuant to Code § 330, which fees, if allowed, would be entitled to administrative priority pursuant to Code § 503(b)(2).

The Trustee's Application provides that the Trustee collected $1,125.00 during the Chapter 13 proceedings and made disbursements of $73.14, leaving a balance of $1,051.86. The Trustee's Application requests authorization to refund the remaining balance to the Debtor and contains the following provision:

> In light of *Harris v. Viegelahn*, 575 U.S. ___ (2015), the Trustee **will not** disburse any funds to attorneys (even if a prior order approving fees has been entered) or other non-levying creditors unless said party files an objection to this application and obtains an order from the Bankruptcy Court specifically allowing the disbursement in light of the *Harris* decision.

---

[1] 11 U.S.C. § 101 et seq. shall hereinafter be referred to as the "Bankruptcy Code" or "Code."

The Debtor's Counsel objected to the return of funds to the Debtor on the basis that no objection had been raised with respect to the fees set forth in the Plan, and that the Debtor's signing of the Stipulated Order of Confirmation, prior to filing the Motion to Convert, constituted consent. Debtor's Counsel requested that the Court direct payment of the remaining balance of funds held by the Trustee to him.

The Trustee's Brief noted that the Trustee had no objection to the allowance of the fees sought by Debtor's Counsel, nor to the payment of the remaining funds held by the Trustee to Debtor's Counsel. The Trustee takes the position that she can pay allowed administrative expenses, including attorneys' fees, in a case that is converted without a plan having been confirmed, pursuant to Code § 1326(a)(2).

### III. Issue Presented

Whether post-petition wages held by the Chapter 13 Trustee may be used to pay allowed administrative expenses, including attorney's fees, when the case converts to Chapter 7 before a plan is confirmed.

### IV. Legal Analysis and Conclusions of Law

The starting point for this analysis is Code section 11 U.S.C. § 1326(a)(2), which provides as follows:

> A payment made under paragraph (1)(A) shall be retained by the trustee until confirmation or denial of confirmation. If a plan is confirmed, the trustee shall distribute any such payment in accordance with the plan as soon as is practicable. If a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet due and owing to creditors pursuant to paragraph (3) to the debtor, after deducting any unpaid claim allowed under section 503(b).

This Code section clearly states what the Trustee is to do with funds in her possession if a plan is not confirmed, and the case is converted. It does not address the disposition of such funds if conversion occurs post-confirmation.

The latter situation is the one addressed by the U.S. Supreme Court in *Harris v. Viegelahn*, 575 U.S. ___, 135 S. Ct. 1829, 191 L. Ed. 2d 783 (2015). In the *Harris* case the Supreme Court resolved a circuit split as to whether a debtor's post-petition wages held by a Chapter 13 trustee at the time of conversion to Chapter 7 should be returned to the debtor or paid to creditors under the terms of the confirmed Chapter 13 plan. In the underlying case from the Fifth Circuit, *In re Harris*, 757 F.3d 468 (5th Cir. 2014), the Fifth Circuit held that funds held by the Chapter 13 trustee at the time of conversion must be distributed to creditors. The Third Circuit had previously held, however, that such funds must be returned to the debtor. *In re Michael*, 699 F.3d 305, 307 (3d Cir. 2012). In resolving the circuit split, the Supreme Court reversed the Fifth Circuit's decision in *In re Harris*.

The Supreme Court concluded that the issue before it was resolved by § 348 of the Code, which deals with the conversion of a case from one chapter to another. Specifically, § 348(f)(1)(A) provides that upon conversion of a Chapter 13 case to another chapter, property of the estate consists of property as of the date of conversion, which would not include pre-conversion wages held by the Trustee. Further, Code § 348(e) provides that conversion terminates the duties of a trustee serving in a case prior to conversion. The Supreme Court held that "[a]llowing a terminated Chapter 13 trustee to distribute the very same earnings to the very same creditors is incompatible with that statutory design." *Harris*, 135 S. Ct. at 1837.

The Court also noted that pursuant to § 1326(c) the core service of a trustee is making plan payments and that "[t]he moment a case is converted from Chapter 13 to Chapter 7, however, the Chapter 13 trustee is stripped of authority to provide that 'service.'" *Id.* at 1838. The Court went on to state that "[w]hen a debtor exercises his statutory right to convert, the case is placed under Chapter 7's governance, and no Chapter 13 provision holds sway." *Id.* This statement was made in the context that the trustee lacked authority to make payments pursuant to a plan, since the plan would no longer be binding. The Supreme Court did, however, acknowledge that the Chapter 13 Trustee would have some ongoing responsibilities after conversion. *Id.* at 1839.

The issue that was before the Supreme Court is not the issue before this Court, given that in the present case, the conversion to Chapter 7 occurred prior to plan confirmation. That being

said, the majority of courts that have considered the issue have concluded that the *Harris* case is controlling and that funds must be returned to the debtor, irrespective of outstanding administrative expenses. *See In re Beauregard*, 533 B.R. 826, 831 (Bankr. D. N.M. 2015) ("While *Harris* was focused on the second sentence of § 1326(a)(2), there is no principled basis upon which to continue to give effect to the third but not the second sentence of § 1326(a)(2) after conversion."); *In re Sowell*, 535 B.R. 824, 826 (Bankr. D. Minn. 2015) ("While the *Harris* case involved a debtor whose plan had been confirmed, this Court believes that the logic and analysis employed by the Supreme Court applies with equal force to a case, like this one, in which no plan has been confirmed."); *see also In re Ivey*, 568 B.R. 85 (Bankr. E.D. Ark. 2017); *In re Harris* (No. 15-12618-JDW, 2016 WL 3517757 (Bankr. N.D. Miss. Feb. 1, 2016); *In re Spraggins*, No. BR 13-28807-ABA, 2015 WL 5227836 (Bankr. D. N.J. September 3, 2015); and *In re Beckman*, 536 B.R. 446 (Bankr. S.D. Cal. 2015). These cases rely on a broad interpretation of the phrase "no Chapter 13 provision holds sway" and do not apply the context in which it was given. Further, certain of the cases also overlook or ignore the fact that holders of administrative claims are not creditors as defined in § 101(10) of the Code.

The court in *In re Brandon*, however, ruled that "[b]ecause a plan has not been confirmed, I conclude that those post-conversion responsibilities continue to include compliance with the third sentence of § 1326(a)(2) regarding the payment of administrative expenses such as the remaining allowed fee of debtor's counsel prior to returning unpaid funds to a debtor." 537 B.R. 231, 236 (Bankr. D. Md. 2015). The *Brandon* court reached this conclusion based on the Supreme Court's resolution of the circuit split by adopting the view of the Third Circuit in the *In re Michael* case, cited above.

The *Brandon* court specifically cited to the following portion of the Third Circuit's ruling in the *Michael* case:

> Conversion also "terminates the services" of the Chapter 13 trustee. *Id.* § 348(e). Though [her] services are ended after conversion, the trustee is required to account for the funds that came into [her] possession by filing a final report under Federal Rule of Bankruptcy Procedure 1019(5)(B)(ii). In addition, **if the case is converted prior to confirmation of a plan, the trustee**

> **must return any payments held by [her] to the debtor after deducting adequate funds for [her] to pay allowed administrative expense claims.** *See* **11 U.S.C. § 1326(a)(2).**

*Id.* (quoting *In re Michael*, 699 F.3d at 310) (emphasis added by the *In re Brandon* court). The court in *Brandon* went on to state that it did not follow that, after *Harris*, a Chapter 13 trustee, in a converted case with no confirmed plan, must comply with a portion of the third sentence of § 1326(a)(2) referring to the return of pre-confirmation plan payments to the debtor, but ignore the remainder of the same sentence relating to the payment of allowed administrative expenses. *Id.* at 237.

## V. <u>Conclusion</u>

This Court finds the reasoning in *Brandon* persuasive, and therefore concludes that the decision in the *Harris* case does not preclude this Court from approving the payment of allowed administrative expenses, including attorneys' fees, from funds held by the Chapter 13 trustee in a case converted to Chapter 7 prior to plan confirmation.

Wherefore, based upon the foregoing and for good cause shown;

**IT IS HEREBY ORDERED** allowing the Debtor's Counsel's fees in the sum of $4,500.00, and approving payment of such fees from the remaining funds held by the Chapter 13 Trustee.

**SIGNED AND DATED ABOVE.**

To be NOTICED by the BNC ("Bankruptcy Noticing Center") to:

Jessica Hayden
4914 E Amarillo Dr
San Tan Valley, AZ  85140

Dean William O'Connor
Dean W. O'Connor PLLC
1212 E Osborn Rd, Ste 109
Phoenix, AZ  85014
*Counsel for Debtor*

| | |
|---|---|
| 1 | Dianne C. Kerns |
| 2 | Chapter 13 Trustee |
| 3 | 7320 N La Cholla #154, PMB #413 |
| | Tucson, AZ  85741 |
| 4 | |
| 5 | Gayle Eskay Mills |
| | Chapter 7 Trustee |
| 6 | P.O. Box 36317 |
| | Tucson, AZ  85740 |
| 7 | |
| 8 | U.S. Trustee |
| | Office of the U.S. Trustee |
| 9 | 230 N First Ave, Ste 204 |
| | Phoenix, AZ  85003 |